UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Danielle Carter,** | ) | **CASE NO. 1:15 CV 1817** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **PNC Bank, N.A.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Partially Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.Pro. 12(b)(6). This is an employment discrimination case. For the reasons that follow, the motion is GRANTED. Defendant's request for fees and costs is DENIED.

**FACTS**

Plaintiff Danielle Carter brought this lawsuit against defendant PNC Bank, N.A. According to the complaint, plaintiff worked for defendant for approximately one year, at which point defendant learned that plaintiff suffered from a medical condition requiring surgery.

1

Defendant also learned that plaintiff's father was suffering from a serious medical condition. Thereafter, plaintiff sought leave under the Family Medical Leave Act ("FMLA").  After seeking leave, and on the day before plaintiff's surgery, defendant informed plaintiff that she was on a "90-day probation due to an alleged teller overage."

Subsequently, plaintiff began requesting additional FMLA leave.  Defendant then hired Erika Ressler to replace plaintiff's manager.  During one of their first interactions, Ressler told plaintiff that "maybe this is not the position for you."  Ressler then informed plaintiff that she should "look for a new position because of your issues."

Defendant approved plaintiff's FMLA leave request.  Shortly thereafter, defendant terminated plaintiff's employment.

In addition, plaintiff alleges that defendant discriminated against her based on her race. According to the complaint, plaintiff was told that she was hired in order to promote diversity and appeal to minority customers.  An issue arose with respect to the closing of a customer account.  Defendant called plaintiff into the HR office to discuss the issue.  A customer complained that after he closed his account, charges appeared on his bank statement that he did not make.  Defendant accused plaintiff of improperly retaining the card.  Defendant obtained video footage from the stores where the customer's debit card was used.  The video footage showed an African-American woman, but the individual bore no resemblance to plaintiff. Defendant accused plaintiff of providing the card to one of her "black friends."  According to the complaint, plaintiff shredded the card and had no involvement with the fraudulent conduct. Thereafter, defendant terminated plaintiff's employment.

Plaintiff brings this lawsuit containing five claims for relief. Counts one and two assert

2

race discrimination in violation of federal and Ohio law, respectively.  Counts three and four are claims for violation of the FMLA.  Count five is a claim for intentional infliction of emotional distress ("IIED").

Defendant moves to dismiss count five and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

## **ANALYSIS**

Defendant argues that count five should be dismissed because the factual allegations in the complaint do not rise to the level of extreme and outrageous conduct. Defendant claims that plaintiff's counsel has previously brought a number of these types of cases and courts routinely dismiss the IIED claim. Therefore, defendant requests attorneys' fees. In response, plaintiff claims that the allegations are sufficient and further points out that a number of courts have denied motions to dismiss the IIED claim. As such, even if the Court grants defendant's motion, an award of fees is not warranted.

The Ohio Supreme Court adopted the Restatement approach and first recognized a cause of action for IIED in *Yeager v. Local Union 20*, 453 N.E.2d 666, 670-671 (Ohio 1983). Under Ohio law,

> [i]n order to recover on an action for intentional infliction of serious emotional distress four elements must be proved: 1) that the actor either intended to cause emotional distress or knew or should have known the actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;" 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; 4) that the

> mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. 8th Dist. 1983). *See also, Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008)

However, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Reamsnyder v. Jaskolski*, 462 N.E.2d 392, 394 (Ohio 1984) (citations omitted). Federal courts consistently hold that employment termination, without more, is insufficient to support an IIED claim. *See Shoemaker–Stephen v. Montgomery County Bd. of Com'rs* 262 F.Supp.2d 866, 888 (S.D.Ohio, 2003) ("it is well-established under Ohio law that discrimination, by itself, is insufficient to support an intentional infliction of emotional distress claim"). *See also Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir.1999)( "But an employee's termination, even if based upon discrimination, does not rise to the level of "extreme and outrageous conduct" without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress.")

Upon review, the Court finds that dismissal is warranted because the complaint does not allege conduct that rises to the level of "extreme and outrageous" such that liability could attach. The allegations in the complaint recite a straightforward claim of wrongful termination. Plaintiff alleges that she was terminated for taking FMLA leave. She further alleges that she was terminated due to her race. In support of her claim, she alleges that comments were made that she was hired to promote diversity and appeal to minority customers. In addition, plaintiff claims that defendant accused her of improperly handling a customer's debit card because the individual caught on the security camera was African-American. As a result, she was

5

terminated. Taking these allegations in the light most favorable to plaintiff, the Court finds that the complaint does not allege the type of "extreme and outrageous" conduct required to support a claim for IIED. Plaintiff does not allege the "something more" required to sustain such a claim in the employment context. Accordingly, dismissal is warranted.

The Court finds that an award of attorneys' fees and costs is not warranted.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Partially Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.Pro. 12(b)(6) is GRANTED. Defendant's request for fees and costs is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/17/15